# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>BLESSING K. EGBON,<br><br>        Defendant. | Case No. 21-CV-935-JPS<br><br>**ORDER** |

    Plaintiff United States Securities and Exchange Commission ("SEC") moves for the Court to "enter final judgment" by the consent of Defendant Blessing K. Egbon ("Defendant"). ECF No. 18. The Court construes the motion as one for relief from judgment under Rule 60(b), since the Court entered a consent judgment in this case in May 2022 on the parties' request. ECF Nos. 15, 16; *see United States SEC v. Shillin*, No. 21-cv-601-jdp, 2023 U.S. Dist. LEXIS 14080, at *1 (W.D. Wis. Jan. 27, 2023) (citing *Helm v. Res. Tr. Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995)). Upon review of the proposed judgment, ECF No. 18-2, and in light of the lack of opposition, ECF No. 18-1, the Court will grant the motion, vacate the prior consent judgment, and direct entry of the parties' final consent judgment.

    The Court will also order that this case be dismissed; such dismissal does not affect the Court's ability to enforce the terms of the final consent judgment. *SEC v. Homa*, 514 F.3d 661, 673 (7th Cir. 2008) ("[A] court possesses the independent authority to enforce its own injunctive decrees." (citing *Waffenscmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985)); *McMillan v. Hyzy*, 738 F. App'x 365, 366 (7th Cir. 2018) ("[G}enerally a district court

retains jurisdiction to enforce its own judgment where . . . the judgment incorporates the terms to be enforced and the suit is not dismissed with prejudice." (citing *Shapo v. Engle*, 463 F.3d 641, 645–46 (7th Cir. 2006) and *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985))); *Shapo*, 463 F.3d at 643 (noting that courts that issue injunctions have the inherent power to enforce those injunctions even if the injunction ended the lawsuit (citing *United States v. City of Chicago*, 870 F.2d 1256, 1257 (7th Cir. 1989))).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for judgment by consent, ECF No. 18, which the Court construes as a motion for relief from judgment under Rule 60(b), be and the same is hereby **GRANTED**; the original consent judgment, entered May 18, 2022, ECF No. 16, be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that Defendant has entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of a Final Consent Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from a Final Consent Judgment;

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of the Final Consent Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a);

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of the Final Consent Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a);

**IT IS FURTHER ORDERED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

**IT IS FURTHER ORDERED** that Defendant is liable for disgorgement of $2,145,883.86, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $240,729.43, for a total of $ $2,386,613.29, which shall be deemed satisfied by the $3,054,998.91 Order of Restitution entered against Defendant in *United States v. Egbon*, No. 22-CR-00035 (E.D. Wis.) (ECF No. 37);

**IT IS FURTHER ORDERED** that the Commission's claim for civil penalties against Defendant pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] is hereby dismissed;

**IT IS FURTHER ORDERED** that, for a period of seven and a half years from the date of the entry of the Final Consent Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of

issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1];

**IT IS FURTHER ORDERED** that Defendant's Consent, ECF No. 18-1, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein;

**IT IS FURTHER ORDERED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19);

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of the Final Consent Judgment; and

**IT IS FURTHER ORDERED** that, except as necessary to enforce the terms of the Final Consent Judgment, this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter a final consent judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge