# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

Plaintiff,

Case No. 21-CV-935-JPS

v.

BLESSING K. EGBON,

**FINAL CONSENT
JUDGMENT**

Defendant.

**Decision by Court**. This action came on for consideration before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiff's motion for judgment by consent, ECF No. 18, which the Court construes as a motion relief from judgment under Rule 60(b), be and the same is hereby **GRANTED**; the original consent judgment, entered May 18, 2022, ECF No. 16, be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Blessing K. Egbon ("Defendant") has entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of a Final Consent Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from a Final Consent Judgment;

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of the Final Consent Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a);

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of the Final Consent Judgment by personal service or otherwise: (a) Defendant's officers, agents,

servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a);

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is liable for disgorgement of $2,145,883.86, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $240,729.43, for a total of $ $2,386,613.29, which shall be deemed satisfied by the $3,054,998.91 Order of Restitution entered against Defendant in *United States v. Egbon*, No. 22-CR-00035 (E.D. Wis.) (ECF No. 37);

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission's claim for civil penalties against Defendant pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] is hereby dismissed;

**IT IS FURTHER ORDERED AND ADJUDGED** that, for a period of seven and a half years from the date of the entry of the Final Consent Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1];

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant's Consent, ECF No. 18-1, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein;

**IT IS FURTHER ORDERED AND ADJUDGED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19);

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of the Final Consent Judgment; and

**IT IS FURTHER ORDERED AND ADJUDGED** that this action be and the same is hereby **TERMINATED**.

APPROVED:

J.P. Stadtmueller
U.S. District Judge

GINA M. COLLETTI
Clerk of Court

March 19, 2025
*s/ Jodi L. Malek*

Date
By: Deputy Clerk